IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      v.                                                 Criminal Action No. 2:11CR14

**ROBERT JAMES TAYLOR,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Robert James Taylor, in person and by counsel, Brian J. Kornbrath, appeared before me on June 3, 2011. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written

waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Robert James Taylor, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then advised that the agreement as summarized by the AUSA was correct. The Court **ORDERED** the written Plea Agreement filed.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with resisting and impeding a Deputy U.S. Marshal.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on May 26, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One

of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him. He also understood that the maximum penalty to which he would be exposed would be a term of imprisonment of not more than eight (8) years; a fine of not more than $250,000 dollars, or both fine and imprisonment; and a period of supervised release of not more than three (3) years. Defendant also understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Kornbrath discuss that you have the right to appeal your conviction and any sentence that might be imposed to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: Did you understand that you had to do that within 14 days of the district judge's oral pronouncement of sentence?

Def: Yes, sir.

Ct: Did you and Mr. Kornbrath discuss that you may also have a right to file a writ of habeas corpus-type motion, challenging–collaterally challenging– that sentence and how that sentence was imposed?

Def: Yes, sir.

Ct: Did you understand that under paragraph 13 of your plea agreement if the district judge in sentencing you sentences you to a sentence–to any sentence–which is consistent with a total offense level of 13 or lower-- that would be a total offense level of 13 or lower under the Uniform Sentencing Guidelines– then you agree to give up both your direct appeal right to the Fourth Circuit and your collateral appeal right under habeas? Did you understand you're giving up those two valuable rights?

Def: Yes, sir.

Ct: Is that what you intended to do?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One

of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with any of the recommendations and stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Thereupon, Defendant, Robert James Taylor, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court then heard the testimony of Government witness, United States Deputy Marshal John Hare, who testified that on January 27, 2011, two other Deputy Marshals, Fred Frederick, and Derrick Hotsinpillar, attempted to make an arrest of Defendant. Deputy Hare was not physically present during the arrest

On January 24, 2011, a warrant from the Lewis County Probation Office was forwarded to the Harrison County Sheriff's Department. Both Harrison and Lewis Counties are member of the Mountain State Fugitive Task Force, as are the U.S. Marshals. They developed information that Defendant's girlfriend lived in Buckhannon, West Virginia. The two other deputies were in that area and decided to interview the girlfriend. When they arrived at her residence, they saw Defendant leaving to get into a waiting car. As they approached Defendant, they advised they had a warrant for his arrest. Defendant demanded a copy of the warrant, and was told he would be placed under arrest first, then he could see the warrant. The deputies attempted to place Defendant's hands behind his back to handcuff him, but he pulled away. The deputies then grabbed Defendant and he again tried to pull away. A scuffle ensued, during which Defendant attempted to throw punches. All three went to the ground, where Defendant was finally handcuffed. Upon cross examination, Deputy Hare testified that the incident happened in the snow.

Defendant testified that he heard, understood, and agreed with Deputy Hare's testimony, except that he wanted to clarify that the officers had never told him they were United States Marshals and he did not know they were law enforcement officers until they had him on the ground handcuffed. He was leaving the residence to return a defective television to WalMart and was approached by two men who just told him they had a warrant. He asked to see it and "that's when the scuffle ensued." The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Deputy Hare.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea. The Court further finds that

6

Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Hare, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment and recommends he be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: June 6, 2011.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE